United States District Court
Southern District of Texas
**ENTERED**
December 20, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JULIETA VASQUEZ MACKENZIE & § <br> KENNETH MACKENZIE, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> CITY OF LOS FRESNOS POLICE § <br> DEPT. & AARON VILLARREAL, § <br>     Defendants. § | CIVIL ACTION NO. 1:21-cv-163 |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 21, 2021, Plaintiffs Julieta Vasquez MacKenzie and Kenneth MacKenzie filed a civil rights complaint against the City of Los Fresnos Police Department and Officer Aaron Villarreal. Dkt. No. 1.  The crux of the complaint is that Villarreal used a police laser gun to check the speed of their vehicle and the laser beams "electronically shot and laser-burned through and inside [Julieta MacKenzie's] eyes to her brain." Dkt. No. 1, p. 2.  The complaint seeks 2.3 billion dollars in damages. Id., pp. 4-5.

Julieta MacKenzie's husband, Kenneth MacKenzie, filed the complaint on her behalf and signed it. Dkt. No. 1. Kenneth MacKenzie also filed a petition to proceed in forma pauperis. Dkt. No. 2. There is no indication that Kenneth MacKenzie is a licensed attorney

On October 22, 2021, the Court issued an order, striking the complaint. Dkt. No. 7. The Court noted that because Kenneth MacKenzie is not a licensed attorney, he cannot file a complaint on his wife's behalf. Id.  The order stated that if "Julieta Vasquez MacKenzie wishes to proceed in this case, she may file an amended complaint no later than December 1, 2021. She may either proceed pro se or be represented by a licensed attorney." Id., p. 2. The order also noted that if "an amended complaint is not filed by December 1, 2021, the Court will recommend that the case be closed for want of prosecution under FED. R. CIV. P. 41(b)." Id.

As of today's date — December 20, 2021 — no amended complaint has been filed. Thus, the failure in this case is MacKenzie's failure to respond to the Court issued order, not the substance of her civil rights claims.

### I. Applicable Law

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Generally, such dismissals are without prejudice; however, if further litigation would be time-barred, then the Court must treat the dismissal as one with prejudice and determine whether such a "severe" sanction is warranted. Campbell v. Wilkinson, 988 F.3d 798, 801 n 1 (5th Cir. 2021).

A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

### II. Analysis

Julieta MacKenzie's failure to respond to the Court's court order instructing her to file the amended complaint warrants dismissal of her claims without prejudice. Caton v. Dretke, 2008 WL 177704 (E.D. Tex. Jan. 17, 2008).

While a dismissal without prejudice is recommended, such a dismissal may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)). Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

The original complaint alleges that the laser gun caused her injuries on May 2, 2020. Dkt. No. 1, p. 2. In § 1983 actions, federal courts apply a state's statute of limitations for personal injury claims, which in Texas is two years. Winfrey v. Rogers, 901 F.3d 483, 492 (5th Cir. 2018). Thus, the statute of limitations for this claim will not expire before May 2, 2022. As such, dismissal without prejudice will not prevent Julieta MacKenzie from timely re-filing her claims.

### III. Recommendation

The Court recommends that this case be dismissed without prejudice for want of prosecution.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on December 20, 2021.

Ronald G. Morgan
United States Magistrate Judge